UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRENT MURCH, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 3900 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Trent Murch brought this suit under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), against Sun Life Assurance Company of Canada, challenging its denial of his application for long-term disability insurance benefits and a disability-based life insurance premium waiver. Doc. 1. The parties disagree over the standard governing the court's review of Sun Life's decision. Having considered the parties' briefs and pertinent evidence, Docs. 45, 49, 54, 66, 67, the court concludes that the arbitrary and capricious standard applies.

### Background

Murch worked as an attorney/shareholder for Greenberg Traurig LLP for over a decade. Doc. 1 at ¶ 5. At all relevant times, Murch worked and resided in Illinois. *Id*. at ¶ 3; Doc. 49 at 7. Greenberg Traurig maintains offices in multiple locations, and its Director of Benefits is located in Florida. Doc. 49 at 7; Doc. 49-3 at 231; Doc. 54 at 3.

Murch received long-term disability benefits coverage as a participant in Greenberg Traurig's disability plan, and Sun Life served as the underwriter and administrator of the insurance policy underlying the plan. *Id*. at ¶¶ 1, 7-8; Doc. 1-1; Doc. 49-3 at 1-102. The policy

1

includes a clause providing that Sun Life has the "entire discretionary authority to make all final determinations regarding claims for benefits under the benefit plan insured by this Policy." Doc. 49-3 at 93. The policy lists the "Policyholder" as Greenberg Traurig and states that it "is delivered in Florida and is subject to the laws of that jurisdiction," *id*. at 31, and the summary plan description lists the firm's location as Miami, Florida, *id*. at 28.

In November 2018, Murch stopped working for Greenberg Traurig "due to a variety of disabling impairments." *Id*. at ¶¶ 6, 9. He applied to Sun Life for long-term disability benefits and a continuation of his group life insurance under a waiver of premium. *Id*. at ¶ 10. Sun Life denied Murch's claim, *id*. at ¶¶ 11-12, prompting this suit.

## Discussion

The "denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case "a deferential standard of review" is applied. *Conkright v. Frommert*, 559 U.S. 506, 512 (2010) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Under deferential review, "the plan's decision must be sustained unless arbitrary and capricious," with the court's review "limited to the administrative record." *Krolnik v. Prudential Ins. Co. of Am.*, 570 F.3d 841, 843 (7th Cir. 2009).

Citing the policy's discretionary clause, Sun Life argues that the arbitrary and capricious standard applies. Murch contends that the *de novo* standard applies, offering three arguments in support: (1) an Illinois regulation prohibits the use of discretionary clauses in disability plans offered or issued in Illinois; (2) Sun Life did not include the discretionary clause in the certificate

2

of coverage; and (3) the policy's discretionary clause effects an inadequate delegation of discretionary authority.

I.     **The Prohibition of Discretionary Clauses Imposed by Illinois Law**

The policy's discretionary clause ordinarily would result in deferential review of Sun Life's denial of benefits. But the matter is complicated by the fact that an Illinois regulation prohibits discretionary clauses in disability plans and other health insurance contracts that are "offered or issued in this State":

> No policy, contract, certificate, endorsement, rider application or agreement offered or issued in this State, by a health carrier, to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services or of a disability may contain a provision purporting to reserve discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

50 Ill. Admin. Code § 2001.3 (2010). The purpose of § 2001.3 is to ensure that courts apply a *de novo* standard in ERISA cases where, as here, the denial of benefits is challenged. *See* 29 Ill. Reg. 10172, 10173 ("The legal effect of discretionary clauses is to change the standard for judicial review of benefit determinations from one of reasonableness to arbitrary and capricious. By prohibiting such clauses, the amendments aid the consumer by ensuring that benefit determinations are made under the reasonableness standard."); *see also Fontaine v. Metro. Life Ins. Co.*, 800 F.3d 883, 886-91 (7th Cir. 2015) (holding that ERISA does not preempt § 2001.3). So, if the policy was "offered or issued in" Illinois, § 2003.1 would govern this suit and require the court to review *de novo* Sun Life's denial of Murch's claim. *Cf. Krolnik*, 570 F.3d at 843 (observing that "'*de novo* review' is a misleading phrase," and suggesting that it be replaced by "'independent decision'").

Murch's argument fails because the policy was not "offered or issued in" Illinois. The named policyholder is Greenberg Traurig. Doc. 49-3 at 31. The policy expressly provides that it

3

"is delivered in Florida and is subject to the laws of that jurisdiction," *ibid.*, and the firm's listed address and Director of Benefits are in Florida, *id.* at 28, 231. Given these facts and the ordinary meaning of the words "offer," "issue," and "in," it cannot be said that Sun Life "offered or issued" the Policy "in" Illinois. *See Brubaker v. Hartford Life & Accident Ins. Co.*, 2019 WL 3825489, at *2 (N.D. Ill. Aug. 15, 2019) (holding that § 2001.3 did not govern a policy listing the place of delivery as Wisconsin); *Meyer v. Group Long Term Disability Plan for Emps. of Edward D. Jones & Co., L.P.*, 2018 WL 3186923, at *2 (C.D. Ill. June 28, 2018) (same, where the policy was issued and delivered to the employer policyholder in Missouri); *Nasalroad v. Standard Ins. Co.*, 182 F. Supp. 3d 879, 880-81 (S.D. Ill. 2016) (same, where the policy was delivered to the employer policyholder in Pennsylvania); *Rogers v. Reliance Standard Life Ins. Co.*, 2015 WL 2148406, at *7 (N.D. Ill. May 6, 2015) (same, where "[t]he policy … *expressly* states that it is delivered in Texas and subject to Texas laws and regulations").

In pressing the contrary result, Murch contends the policy was delivered electronically via an online portal rather than physically via a hard copy sent to Florida. Doc. 66. That fact, typical in our digital age, is immaterial, particularly given that no Greenberg Traurig employees in the Chicago office had access to the portal. Doc. 67 at 4, 7. The fact that the policy covers a Greenberg Traurig shareholder who lives and worked in Illinois does not mean that it was "offered or issued" in Illinois, particularly given that "[t]here is nothing in the record before the Court suggesting that any of the negotiations or policy decisions regarding the policy at issue occurred in Illinois." *Brubaker*, 2019 WL 3825489, at *2; *see also Meyer*, 2018 WL 3186923, at *2 (**s**ame); *Nasalroad*, 182 F. Supp. 3d at 880-81 (similar); *Rogers*, 2015 WL 2148406, at *7 (rejecting the proposition that § 2001.3 applied simply because the plaintiff "was hired in

4

Illinois, became insured under the Policy while working and living in Illinois, and received notice of benefit termination while living in Illinois").

Accordingly, § 2001.3 does not govern the policy, which means that it does not prohibit the policy from including a discretionary clause.

## II. The Certificate of Coverage/Summary Plan Description

Murch contends that, even setting aside § 2001.3, the court should review his claim *de novo* because Sun Life failed to include discretion-granting language in the certificate of coverage, which, according to Murch, "constitutes the summary plan description." Doc. 49 at 8. But because the policy includes a discretionary clause, Sun Life's failure to include similar language in the summary plan description is of no moment. *See Sperandeo v. Lorillard Tobacco Co.*, 460 F.3d 866, 871 (7th Cir. 2006) (holding that "the underlying insurance policy is a plan document for purposes of determining the standard of review," and expressly rejecting the proposition that contrary language in the certificate of coverage could overcome the policy). This is particularly so given that the summary plan description expressly provides that it is not the policy and that the policy is available for review at any time. Doc. 49-3 at 2, 105, 154 ("The booklet is intended to provide a summarized explanation of the current Group Policy Benefits. However, the Group Policy is the document which forms Sun Life's contract to provide benefits. If the terms of the booklet and the Group Policy differ, the Group Policy will govern. A complete copy of the Group Policy is in the possession of your Employer and is available for your review."); *id.* at 28, 145, 196 ("The following section entitled "Summary Plan Description" is not part of the Group Insurance Policy."); *see Sperandeo*, 460 F.3d at 871 (holding that the certificate of coverage and summary plan description were immaterial to the standard of review because they "are not incorporated by reference into the policy or plan" and "the terms of both documents make clear that they are not so incorporated").

5

### III. Inadequate Delegation

Finally, Murch argues that "[o]ther than the self-serving statement that Sun Life had been purportedly delegated discretionary authority by [Greenberg Traurig], there does not appear to be any evidence in the claim file or otherwise that there was an actual delegation of such authority by [Greenberg Traurig] to Sun Life, as ERISA requires." Doc. 49 at 11. That argument is meritless because the policy expressly delegates discretionary authority to Sun Life. *See Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 810 (7th Cir. 2006) (holding that similar discretion-granting language within a plan document was sufficient to confer discretion); *Sanders v. Unum Life Ins. Co. of Am.*, 346 F. Supp. 2d 955, 957 (N.D. Ill. 2004) ("[T]he group policy serves to delegate administration of the plan … . Given the delegation of authority … through the group policy, and Unum's clear reservation of discretion when determining benefits eligibility, Unum's decision regarding plaintiff's claim is entitled to deferential review.").

### Conclusion

The court will review under the arbitrary and capricious standard Sun Life's decision to deny Murch's application for long-term disability insurance benefits and a life insurance premium waiver.

June 1, 2022

_____
United States District Judge

6